## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERIS JOSE CABRERA,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-363** |
| v. | : | **(JUDGE MANNION)** |
| **MS. HANEWORTH,** | : | |
| **Superintendent SCI Laurel** | | |
| **Highlands, _et al._,** | : | |
| **Respondents** | : | |

### MEMORANDUM

Currently before the Court is _pro se_ Petitioner Beris Jose Cabrera ("Cabrera")'s petition for a writ of habeas corpus under 28 U.S.C. §2254. For the reasons stated below, the Court will transfer this habeas action to the United States District Court for the Western District of Pennsylvania ("WDPA").

## I. BACKGROUND

### A. Underlying Pennsylvania Criminal Proceedings

On February 20, 2001, a jury sitting in the Court of Common Pleas of Fayette County ("Fayette CCP") found Cabrera guilty of corrupt organizations (18 Pa. C.S. §911(b)(3)), conspiracy to commit corrupt organizations (18 Pa. C.S. §911(b)(4)), criminal solicitation to conspire to possess controlled substances with intent to manufacture or deliver (18 Pa.

C.S. §902(a)), and possession of controlled substances with intent to manufacture or deliver (35 P.S. §780-113(a)(30)). *See* (Doc. 1 at 1–2); Docket, *Commonwealth v. Cabrera*, No. CP-26-CR-1278-2000 (Fayette Cnty. Ct. Com. Pl.) ("CCP Dkt."); *Commonwealth v. Cabrera*, No. 504 WDA 2016, 2016 WL 5825918, at *1 (Pa. Super. Ct. Aug. 31, 2016) (unpublished).[1] The trial court sentenced Cabrera to an aggregate sentence of state incarceration for a minimum of thirty years to a maximum of sixty years. *See* (Doc. 1 at 1); CCP Dkt.; *Cabrera*, 2016 WL 5825918, at *1. Cabrera then pursued an direct appeal, which was ultimately unsuccessful. *See* CCP Dkt.; *Cabrera*, 2016 WL 5825918, at *1 ("This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal." (citing *Commonwealth v. Cabrera*, 790 A.2d 336 (Pa. Super. Ct. 2001) (unpublished), *appeal denied*, 796 A.2d 978 (Pa. 2002))). Thereafter, Cabrera pursued post-conviction collateral relief via three

---

[1] The Court takes judicial notice of the docket for Cabrera's Fayette CCP criminal case. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket."); *Mickell v. Lycoming Cnty. Cent. Collections Off. & Admin.*, 821 F. App'x 74, 75 (3d Cir. 2020) (unpublished) (taking "judicial notice of the Court of Common Pleas of Lycoming County criminal docket" for plaintiff's underlying criminal case); *see also Sledge v. Att'y Gen. of Pa.*, No. 13-cv-1075, 2013 WL 4786234, at *2 (W.D. Pa. Sept. 6, 2013) (taking judicial notice in Section 2254 habeas action of "the dockets in Petitioner's criminal case in the Court of Common Pleas of Fayette County and in his direct appeal in the Pennsylvania Superior Court").

petitions filed under Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. §§9541–46 ("PCRA"), all of which were rejected. *See* (Doc. 1 at 2–7); CCP Dkt.; *Cabrera*, 2016 WL 5825918, at *1, 2 (explaining that Cabrera previously filed two PCRA petitions, which the PCRA court denied, and affirming dismissal of Cabrera' third PCRA petition). As far as the Court can discern, Cabrera has not filed any submissions in the CCP since he appealed from the dismissal of his third PCRA petition in April 2016, *see* CCP Dkt., which the Pennsylvania Superior Court affirmed on August 31, 2016. *See Cabrera*, 2016 WL 5825918, at *1, 2.

## B.    Procedural History

Cabrera commenced the instant action by filing his Section 2254 petition, his first such petition, which the Clerk of Court docketed on February 13, 2026. (Doc. 1.) Cabrera neither remitted the $5 filing fee nor sought leave to proceed *in forma pauperis* when he filed his petition; as such, an Administrative Order issued requiring him to either remit the $5 fee or file an application for leave to proceed *in forma pauperis* within thirty days. (Doc. 3.) Cabrera timely complied with the Administrative Order by paying the fee on February 27, 2026. (Doc. 4.)

- 3 -

When filing his Section 2254 petition, Cabrera did not use this Court's standard form and instead submitted a handwritten petition. *See* (Doc. 1 at 1–8). Consequently, the Court issued an Order on March 2, 2026, which, *inter alia*: (1) provided Cabrera with notice of the warnings required by *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000); (2) granted Cabrera leave to withdraw his Section 2254 petition without prejudice to filing a new Section 2254 petition raising all grounds for relief from his Fayette CCP convictions and sentence; (3) granted Cabrera thirty days to return a notice of election in which he informed the Court whether he wanted the Court to rule on his petition as filed or withdraw his petition and file an all-inclusive petition; and (4) admonished Cabrera if he failed to return a notice of election, the Court would rule on his petition as filed. *See* (Doc. 5 at 1–4). More than thirty days have passed, and Cabrera has not returned his notice of election. Therefore, the Court will analyze his petition as filed.

**C.    Cabrera's Section 2254 Habeas Petition**

Cabrera raises four claims in his Section 2254 habeas petition. *See* (Doc. 1 at 3–7). First, Cabrera argues that his "[d]efense counsel" was ineffective for filing a motion to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc), instead of "address[ing] any issues in the case in [sic] hand." (*Id.* at 3–4.) Second, Cabrera contends that his speedy trial rights were violated because he "was held in custody for 'five months and fourteen days' until he was finally taken to trial." (*Id.* at 4–5 (cleaned up)). Third, Cabrera asserts that his "defense counsel" was ineffective for failing to file a motion to suppress his "alleged confession." (*Id.* at 5–6.) Fourth, and finally, Cabrera argues that his "defense counsel" was ineffective for failing to challenge the sufficiency of the evidence supporting his "conspiracy charge." (*Id.* at 6–7.)

Along with his claims, Cabrera asserts that his petition is timely due to "newly discovered facts (Com v Burton [sic]) and evidence because no one told him he could file a Habeas Corpus [sic], something he did not know or would have known (Martinez v. Ryan [sic], 132 Sct [sic] 1309 (2012)[)]." (*Id.* at 8.) For relief, Cabrera seeks "a new hearing and/or trial and in the very least an evidentiary hearing." (*Id.*)

## II.  LEGAL STANDARD

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. *See* R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it."). When

conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See id.*; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

## III.   DISCUSSION

After conducting a preliminary review of Cabrera's Section 2254 habeas petition, this Court lacks jurisdiction to consider it. Even though the Court could dismiss Cabrera's petition on this basis, the Court will instead transfer it to the WDPA.

In states such as the Commonwealth of Pennsylvania, which have two or more federal judicial districts, a state prisoner may file a habeas petition in the federal judicial district where they are in custody or where their court of conviction is located because those districts have "concurrent jurisdiction to entertain the petition." 28 U.S.C. §2241(d). Here, Cabrera filed his petition while confined in Pennsylvania State Correctional Institution Laurel Highlands ("SCI Laurel Highlands"), which is located in Somerset County. *See Lawrence v. Hainsworth*, No. 24-cv-213, 2024 WL 4505138, at *1 (W.D. Pa. Oct. 16, 2024) (indicating that SCI Laurel Highlands is in Somerset

- 6 -

County). Somerset County is located within the Western District. *See* 28 U.S.C. §118(c) ("The Western District comprises the counties of Allegheny, Armstrong, Beaver, Bedford, Blair, Butler, Cambria, Clarion, Clearfield, Crawford, Elk, Erie, Fayette, Forest, Greene, Indiana, Jefferson, Lawrence, McKean, Mercer, Somerset, Venango, Warren, Washington, and Westmoreland."); *Lawrence*, 2024 WL 4505138, at *1 (noting that Somerset County is in the Western District).

Additionally, Cabrera challenges his conviction and sentence from the Fayette CCP. *See* (Doc. 1 at 1–2). Like Somerset County, Fayette County is located within the Western District. *See* 28 U.S.C. §118(c); *Williams v. Wetzel*, No. 21-cv-114, 2021 WL 293266, at *5 (M.D. Pa. Jan. 28, 2021) (indicating that Fayette County is "within the Western District of Pennsylvania" (citing 28 U.S.C. §118(c))).

Because this District is neither the federal judicial district where Cabrera is in custody nor where his court of conviction is located, this Court lacks jurisdiction to consider his Section 2254 habeas petition. Although the Court could dismiss Cabrera's petition for lack of jurisdiction, the Court recognizes that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court

in which the action . . . could have been brought at the time it was filed.

28 U.S.C. §1631.[2]

In this case, it is a close call whether the interest of justice warrants transferring this action to the WDPA because Cabrera's petition is facially untimely, and it does not appear that he has set forth sufficient grounds for equitable tolling. Nevertheless, because Cabrera is incarcerated and proceeding *pro se*, as well as out of an abundance of caution, the Court will transfer his petition to the WDPA.

---

[2] However, a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's Section 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *Id.* Additionally, a district court may transfer any civil action, "for the convenience of the parties and witnesses" and "in the interest of justice," to any district where the action might have been brought. 28 U.S.C. §1404(a); *see also In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) ("Under 28 U.S.C. §1404(a), a district court may transfer a civil action to another district where the case might have been brought, or to which the parties have consented, for the convenience of the parties and witnesses and in the interest of justice." (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995))). Furthermore, "it has been the general practice of the United States District Courts in Pennsylvania to transfer habeas corpus petitions to the federal district where the Common Pleas Court is located that conducted the underlying criminal trial of the petitioner." *Sheffer v. Close*, No. 26-cv-496, 2026 WL 829369, at *2 (W.D. Pa. Mar. 26, 2026) (citations omitted).

- 9 -

## IV.    CONCLUSION

For the reasons set forth above, the Court will transfer this action to the WDPA. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:**  4/8/26

26-0363-01

- 9 -